## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-4081-JAR |
| | ) | |
| DAVID MIKESIC and | ) | |
| STATE OF KANSAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER DISMISSING CASE

On July 20, 2005, plaintiff filed a pro se complaint (Doc. 1), against David Mikesic and the State of Kansas (the State), seeking monetary and injunctive relief for alleged civil rights violations under 42 U.S.C. § 1983.  On November 18, 2005, Magistrate Judge O'Hara granted plaintiff's motion to proceed in forma pauperis.  (Doc. 12.)  In his Complaint, plaintiff alleges that defendant David Mikesic is employed at "The Wyandotte County Courthouse as a Probate Judge," and "has acted under color of authority" and "has used his position as a judge for his actions to intimidate and harass and threatened [sic] plaintiff."  Plaintiff alleges that defendant Mikesic has "deprived plaintiff of his personal mutual fund account," "went outside his jurisdiction into the state of Missouri and took possession of an account without due process of law," and "continually sends Wyandotte County Sheriff Deputies to my house for no apparent reason."  In addition to claiming unspecified actual damages, "Plaintiff seeks an order barring defendant from having any further contact with plaintiff, whether written, oral or third party." The Complaint does not list further allegations specific to the State.  For the following reasons,

1

this action is dismissed sua sponte under the mandatory dismissal provisions of 28 U.S.C. § 1915(e) that apply to in forma pauperis actions.[1]

### 1.  Standards for Dismissal under 28 U.S.C. § 1915(e)

Section 1915 applies to actions, such as this, that are filed in forma pauperis.  Subsection (e)(2) provides for dismissal of such actions if the court determines that "(B) the action or appeal . . . (iii) seeks monetary relief from a defendant who is immune from such relief."[2]  Another ground for dismissal is if the court determines that the action is frivolous,[3] or if the Complaint fails to state a claim upon which relief may be granted.[4]  When deciding whether to dismiss a claim under section 1915(e)(2)(B)(ii) for failure to state a claim, the Court accepts the allegations in the Complaint as true and views them in the light most favorable to plaintiff.[5]  Dismissal is only proper when it is obvious that plaintiff cannot prevail on the facts alleged in the complaint, and providing him the opportunity to amend would be futile.[6]

In analyzing plaintiff's Complaint, the Court must take into consideration the fact that he is proceeding pro se.  A pro se litigant's pleadings are to be construed liberally and held to a less

---

[1]The Court notes that this is the third action initiated by this plaintiff against defendant Mikesic in the District of Kansas.  In the first case, Judge Vratil granted defendant's Motion to Dismiss.  Case No. 02-2281-KHV, Doc. 46 (filed Nov. 7, 2002).  Judge Rogers dismissed without prejudice plaintiff's second case against this defendant sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.  Case No. 04-4135-RDR, Doc. 6 (filed Nov. 3, 2004).  The allegations made in that most recent case are extremely similar to the allegations made in this Complaint.  Because that court dismissed plaintiff's case without prejudice, this Court will not consider it's dismissal as a bar to the present action.

[2]28 U.S.C. § 1915(e)(2)(B)(iii).

[3]*Id.* § 1915(e)(2)(B)(i).

[4]*Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997).

[5]*See, e.g.*, *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001), *cert. denied*, 534 U.S. 922 (2001).

[6]*Id.*

stringent standard than pleadings drafted by lawyers.[7]  Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[8]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[9]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[10] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[11]

Section 1915(e)(2)(B)(iii) squarely applies to this case, and mandates dismissal of both defendants.  Plaintiff sues the State and Judge Mikesic for actions Judge Mikesic exercised "under color of authority" and in his capacity as a Wyandotte County District Judge.  The State is immune from this suit under the Eleventh Amendment, as is Judge Mikesic in his official capacity.  Additionally, judicial immunity bars plaintiff's claims against Judge Mikesic in his individual capacity.  Finally, this suit appears to be barred by the *Rooker-Feldman* doctrine and plaintiff's Complaint fails to state a claim for relief under section 1915(e)(2)(B)(ii).

## 2. Eleventh Amendment Immunity

The Eleventh Amendment states that "[t]he judicial power of the United States shall not

---

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[8]*Id.*

[9]*Id.*

[10]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).

[11]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[12] The Supreme Court has repeatedly explained that the amendment confirms the historically-rooted understanding of sovereign immunity, which is that federal jurisdiction over suits against unconsenting states—even by its own citizen—"was not contemplated by the Constitution."[13]

It is settled law that states are immune from suit under the Eleventh Amendment unless, 1) the state consents to suit, or 2) Congress validly abrogates the states' immunity.[14]  In this action, plaintiff seeks relief under 42 U.S.C. § 1983; and the State does not consent to suit under this statute.  Congress may not abrogate state immunity for section 1983 claims under its Fourteenth Amendment authority.[15]  A state simply is not a "person" for purposes of section 1983.[16]  Thus, the Eleventh Amendment bars suits under 42 U.S.C. § 1983 against the states. Here, the state of Kansas has not consented to suit; nor has Congress abrogated the states' immunity pursuant to section five of the Fourteenth Amendment for suits under section 1983.[17] Therefore, the Court dismisses the claims against the State for damages.

An official-capacity suit is another way of pleading an action against the governmental

---

[12]U.S. CONST. amend. XI.

[13]*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) (quoting *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)).

[14]*E.g.*, *id.* at 54–55; *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002).

[15]*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Nelson*, 295 F.3d at 1096 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

[16]*Will*, 491 U.S. at 64–67; *accord Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001); *McLaughlin v. Bd. of Trustees of State Colleges*, 215 F.3d 1168, 1172 (10th Cir. 2000).

[17]*Will*, 491 U.S. at 63; *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("Kansas has not unmistakably waived its Eleventh Amendment immunity, and Congress has not abrogated that immunity [when it enacted § 1983]").

entity itself.[18]   Additionally, the judge is not a "person" under § 1983, except to the extent he is sued for prospective injunctive relief.[19]   Therefore as a state official, defendant Mikesic is immune from suit for monetary damages in his official capacity under the Eleventh Amendment.[20]

### 3.  Judicial Immunity

As a judicial officer, Judge Mikesic enjoys absolute judicial immunity from civil damage liability in his individual capacity.[21]   The act complained of need only be a judicial act and one that was not taken in the absence of all jurisdiction.[22]   The fact that plaintiff's mutual fund account is located in Missouri is insufficient to allege that Judge Mikesic acted in the absence of all jurisdiction.  A judge is entitled to immunity even if the judge acted with partiality, maliciously, or corruptly.[23]  Plaintiff's Complaint is based solely on Judge Mikesic's actions as a judicial officer; thus, his actions are cloaked with absolute judicial immunity,[24] and not subject to monetary relief.

### 4.  Prospective Injunctive Relief

Although Eleventh Amendment and judicial immunity generally apply regardless of the

---

[18]*Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[19]*Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995) (citing *Will*, 491 U.S. at 71 n.10).

[20]*See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[21]*See Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (affirming dismissal of a pro se action against state judges based upon judicial immunity, citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)); *DeYoung v. State of Kansas*, 890 F. Supp. 949, 953 (D. Kan.  1995), *aff'd*, 69 F.3d 547 (10th Cir. 1995), *cert. denied*, 517 U.S. 1236 (1996) (dismissing pro se complaint against district court judge based upon judicial immunity).

[22]*Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

[23]*Id.* at 11; *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985).

[24]*Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

nature of the relief sought: declaratory, injunctive or monetary damages,[25] in *Harris v. Champion*,[26] the Tenth Circuit explained that a state or state agency is not a person under section 1983, except to the extent that the plaintiff sues for prospective injunctive relief only.[27]  This exception "permits suits for prospective injunctive relief against state officials acting in violation of federal law.  In order to fall within this exception, State officers sued must have 'some connection' to the enforcement of the allegedly defective act."[28]  Although Judge Mikesic does have a connection to the alleged constitutional violation, as discussed below the Court is without jurisdiction to enforce such relief under the Rooker-Feldman doctrine, and plaintiff fails to state a claim for injunctive relief.

### 5. *Rooker-Feldman* Doctrine

To the extent plaintiff seeks injunctive relief as a means of challenging a ruling of Judge Mikesic, this Court cannot grant such relief, pursuant to the *Rooker-Feldman* doctrine.[29]  Federal trial courts do not have the power to hear what are essentially appeals from a state court decision. The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court."[30] Generally, a federal district court cannot review matters actually decided by a state court, nor can

---

[25]*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984).

[26]51 F.3d 901, 905–06 (10th Cir. 1995).

[27]*Id.*; *see also Pulliam v. Allen*, 466 U.S. 522, 542–43 (1984).

[28]*Prairie Band Potawatomi Nation v. Wagnon*, 402 F.3d 1015, 1026 (10th Cir. 2005).

[29]*See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

[30]*Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

6

it issue "any declaratory relief that is inextricably intertwined with the state court judgment."[31] "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[32]  Here, plaintiff asks the Court to enter an order barring Judge Mikesic from having any written, oral, or third party contact with him.  To the extent plaintiff has matters pending before Judge Mikesic, this Court has no jurisdiction to effectively order Judge Mikesic to recuse himself; and this Court certainly has no jurisdiction to bar Judge Mikesic from ever handling matters or actions involving plaintiff.  And if this relief is intertwined with a prior state court judgment, the Court is without power to interfere.

### 6.  Failure to State a Claim

Finally, although a state is a "person" who can be sued for prospective injunctive relief under section 1983, plaintiff's complaint fails to state a claim establishing liability by the State. In order to establish liability in an official-capacity suit, the entity itself must have been the "moving force" behind the alleged deprivation, so the entity's "policy or custom" must have contributed toward the constitutional violation."[33]  Alternatively, liability may be premised on a violation of plaintiff's constitutional rights by an individual with final policymaking authority within the governmental entity.[34]  Plaintiff's Complaint fails to state that Judge Mikesic had final policymaking authority and fails to identify a state policy or custom underlying Judge Mikesic's

---

[31]*Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted).

[32]*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (citation omitted).

[33]*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978); *Graham*, 473 U.S. at 166.

[34]*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84 (1986); *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1319 (10th Cir. 1998).

actions.

The Court also finds that allowing plaintiff the opportunity to amend would be futile. This is now plaintiff's third attempt at stating a claim against these defendants.  There is no indication in this Complaint that allowing him to amend or cure technical errors would yield a meritorious claim.[35]  In sum, even if plaintiff's claims for prospective injunctive relief could survive jurisdictional hurdles, plaintiff fails to state a claim for relief.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed with prejudice.**

**IT IS SO ORDERED**.

Dated this 27th  day of February 2006.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[35]*Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001), *cert. denied*, 534 U.S. 922 (2001).

9